# Harper *v.* City of Attalla.

*Action by City to recover Fine imposed for Violation of
City Ordinance.*

1. *Municipal corporation; violation of city ordinance; power to
   punish by imprisonment.*—Where the charter of a municipal-
   ity authorizes the authorities to punish the violation of its or-
   dinances by fine and by "imprisonment or hard labor for the
   city," if upon the conviction of one who has violated an ordi-
   nance of said city, he is only fined, it is immaterial as to
   whether the ordinance, for the violation of which he was con-
   victed, provided for a punishment by fine and "by imprison-
   ment *and* hard labor;" and the fact that such person was re-
   manded to prison upon his failure to pay the fine, can not
   affect the validity of the judgment of conviction; since the
   imprisonment was merely a means authorized by the charter
   for enforcing the payment of the fine which had been im-
   posed as a punishment for violating the said ordinance.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. J. A. BILBRO.

On December 17, 1897, the mayor and board of alder-
men of the city of Attalla, passed an ordinance regulat-
ing the carrying on of business and fixing the license for
occupations, professions and the doing of business in said

city. The license fixed by said ordinance upon railroads "having an office in or running cars into the city of Attalla for the purpose of transporting freight or passengers from Attalla to other points in the State," was one hundred dollars. Section 6 of this ordinance was as follows: "Sec. 6. Be it further ordained, that any person who shall engage in or carry on any business, trade, profession or occupation, for which a license is required, without first taking out such license, shall on conviction be fined not less than five dollars nor more than one hundred for each offense, and may be imprisoned and sentenced to hard labor on the streets not longer than thirty days, one or both at the discretion of the Mayor."

The appellant, Claud Harper, agent of the Nashville, Chattanooga & St. Louis Railway Company, was arrested and tried before the mayor of the city of Attalla for the alleged violation of said ordinance. On said trial, he was convicted and took an appeal to the circuit court of Etowah county. In this court the city of Attalla filed a complaint against said Claud Harper, claiming fifty dollars for the violation of said ordinance, and averred therein "that defendant did engage in or assist in carrying on the business of a railroad company, that had an office in the city of Attalla for the purpose of transporting freight and passengers from Attalla to other points in the State, and from other points in the State to Attalla, contrary to the laws and ordinances of said city of Attalla, and against the peace and dignity of said city of Attalla, and, that for so doing he was fined by the mayor of said city of Attalla in the sum of fifty dollars, and plaintiff claims said sum of fifty dollars on this appeal besides the cost of same."

The defendant demurred to this complaint upon the ground that it showed no cause of action against him. This demurrer was overruled, and the defendant duly excepted. The defendant filed the plea of the general issue, and the two following pleas: "2d. He is not engaged in running a railroad in the city of Attalla, nor of running cars into said city. 3d. He is not a railroad company having an office in or running cars into said city of Attalla, as provided in the license ordinance set out in said complaint."

To the defendant's second plea the plaintiff demurred upon the ground that it was insufficient and no answer to the complaint, and fails to show that the defendant did not transact business in violation of said ordinance. The court sustained this demurrer and to this ruling the defendant duly excepted.

The cause was tried by the court without the intervention of a jury, upon an agreed statement of facts, which were substantially as follows: The defendant, at the time of the prosecution in the mayor's court and for more than a year theretofore, was the agent of the Nashville, Chattanooga and St. Louis Railway Company in the city of Attalla, and as such agent received goods, wares and merchandise for the purpose of shipment over said railway to points within the State of Alabama and delivered to divers persons in Attalla goods, wares and merchandise shipped over said railway from other points in Alabama to Attalla. Such shipments and receipts were made on and after January 1, 1898. Neither the said Harper nor the said railway paid any license to the city of Attalla as required by the ordinance thereof, which is copied above. The defendant owned no stock, bonds or other interest in the Nashville, Chattanooga & St. Louis Railway Company, and had nothing whatever to do with the operation of said road; his sole duty being that of agent, for which duty he was paid by the railway company a stipulated monthly salary. The railway company had no depot in the city of Attalla, but received and delivered goods from a box car belonging to it, located in said city. The receipts of said railway from freight and passengers transported from Attalla to points in Alabama and from points in Alabama to Attalla are not sufficient to pay the operating expenses of said railway.

Upon the agreed statement of facts the court rendered judgment for the plaintiff, and to the rendition of this judgment the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

OSCAR R. HUNDLEY, for appellant, cited *Nashville, Chattanooga & St. Louis R. Co. v. Attalla,* 118 Ala. 362.

.B. P. HAMMOND & AIKEN & MARTIN, *contra*, cited *Moore v. Eufaula*, 97 Ala. 670; *Anniston v. Southern R. Co.*, 112 Ala. 557; *Holt v. Mayor*, 111 Ala. 369; N., C. & *St. L. R. Co. v. Attalla*, 118 Ala. 362; *A. G. S. R. R. Co. v. Bessemer*, 113 Ala. 668; 25 Amer. & Eng. Encyc. of Law, 492; *Abel v. State*, 90 Ala. 633.

McCLELLAN, C. J.—The ordinance under which appellant was convicted in so far as it authorized the imposition of a fine upon him was clearly within the competency of the mayor and aldermen of the city of Attalla under the charter.—Acts, 1888-89, pp. 811, *et seq.*, § 14. Whether it was bad in that it is supposed to have provided for imprisonment *and* hard labor, when the charter power went to imprisonment *or* hard labor, is immaterial. Harper was only fined: he was neither imprisoned nor put to hard labor; and his remandment by the circuit court to the town prison of Attalla was not a punishment for the offense but a means expressly authorized by the charter for enforcing the payment of the fine which had been imposed as a punishment for the offense.—Acts, 1888-89, pp. 811, *et seq.*, § 11.

Affirmed.